UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PAUL K. OGDEN,<br>    *Plaintiff*, | )<br>)<br>) | |
| *vs.* | ) | 1:08-cv-00369-JMS-DFH |
| JAMES ATTERHOLT *et al.*,<br>    *Defendants*. | )<br>)<br>)<br>) | |

## **ORDER**

Presently pending before the Court is Plaintiff's Motion for Relief from Judgment Pursuant to Rule 60 (the "Motion"). [Dkt. 100.]¹ As permitted by Circuit Rule 57, Mr. Ogden's Motion asks whether the Court would modify the judgment entered in this matter to clarify that it only constitutes an adverse ruling on his federal claims, not his state-law claims, if the Seventh Circuit remanded the matter back to this Court. Defendants have filed no timely opposition.²

The Court entered judgment "against Plaintiff and in favor of Defendants on Counts VII and VIII of Plaintiff's Complaint, and, to the extent that any other Counts depend upon establishing a violation of federal law, on those Counts as well," and then "remand[ed] this action back to the Marion Superior Court for resolution of all remaining state law claims." [Dkt. 90.] The Court did so after finding, among other things, (1) that Mr. Ogden's speech at issue was made as an "employee" and not as a "citizen" [dkt. 89 at 9], (2) that Mr. Ogden had no

---

[1] By consent of the parties, this case has been referred to this magistrate judge for all proceedings, including for the entry of judgment, as permitted under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. [Dkt. 20.]

[2] Under the automatic briefing schedule established under the Local Rules, Defendants' opposition was due on November 16 (i.e. fifteen calendar days after Mr. Ogden filed his Motion plus an additional three calendar days because it was served electronically). But Defendants did not file their opposition until November 17—without a motion seeking leave for a belated filing. Accordingly, it has not been considered.

property interest in his continued employment [dkt. 89 at 14], and (3) that, even if he had a property interest, the deprivation process was adequate under the Fourteenth Amendment [dkt. 89 at 16].

Mr. Ogden's Motion asserts that, because Counts II and V only allege violations of his "free speech rights protected by the *Indiana* constitution," the Court should not have entered judgment against him on those counts. [Dkt. 100 ¶4 (emphasis in original).] If so, and if those state constitutional rights do not also require a violation of federal law as prerequisite for any cause of action, then as indicated above, the Court did not enter an adverse judgment on Counts II and V.

Mr. Ogden's Motion also asserts that the Court mistakenly denied, rather than dismissed, his motion for summary judgment with respect to his "state due process claims" in Count VIII. [Dkt. 100 ¶5.] He did not, however, present any state law claims in his motion for summary judgment. Entirely absent from his papers were citations to any statute or case authorizing a tort suit for the violations that Mr. Ogden claims to have suffered. Indeed, the only legal citations in his opening brief were to Executive Order 05-14, which authorizes judicial review of the actions of the State Employee Appeals Commission (to whom Mr. Ogden elected not to present his termination) under the Administrative Orders and Procedures Act ("AOPA"), and to *Indiana Department of Highways v. Pigg*, 580 N.E.2d 673 (Ind. 1991), which also concerns only AOPA. [*See* dkt. 51. at *passim*.] Nonetheless, inasmuch as the Complaint includes references to state law in the allegations of Count VIII [*see* dkt. 1-3 ¶116][3] and inasmuch as the Court only intended to adjudicate state law claims that also depended upon establishing a violation of federal law, a

---

[3] That paragraph alleges that "[t]he due process provided to Ogden falls short of meeting even the reduced standard for at will employees under Indiana law, the Governor's Executive Order, and the Indiana and Federal Constitutions."

2

clerical "mistake" exists in the judgment with respect to Count VIII that, if the Court of Appeals and Mr. Ogden so desire, the Court will remedy. Fed. R. Civ. Pro. 60(a).[4]

The Court would, therefore, be inclined to grant Mr. Ogden's Motion and to modify the judgment to read as follows:

> The Court having entered its Order denying Plaintiff's Motion for Summary Judgment and granting in part Defendants' Motion for Summary Judgment, the Court now:
>
> 1. Enters final judgment against Plaintiff and in favor of Defendants on Count VII, on Count VIII to the extent that Count VIII alleges a violation of federal law, and on any other Count of Plaintiff's Complaint that presents a state law cause of action that depends upon the establishment of a violation of federal law;
>
> 2. Relinquishes supplemental jurisdiction and remands this action back to the Marion Superior Court for resolution of all remaining state law claims pursuant to 28 U.S.C.§ 1441(c); and
>
> 3. Directs that the Clerk send a certified copy of this Final Judgment and Order of Remand to the Clerk of the Marion Superior Court, together with a certified copy of the Court's Order on the cross-motions for summary judgment.

12/02/2009

*Jane Magnus-Stinson*
Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF:**

David A. Arthur
INDIANA OFFICE OF THE ATTORNEY GENERAL
David.Arthur@atg.in.gov

---

[4] Because Mr. Ogden's Motion does not seek any substantive modifications to the Court's judgment, the Court could not and would not revisit the state-law questions that were inextricably intertwined with Mr. Ogden's § 1983 claims, including but not limited to those relating to his lack of a property interest in his employment.

Eric James Beaver
INDIANA OFFICE OF THE ATTORNEY GENERAL
eric.beaver@atg.in.gov

Adam Lenkowsky
ROBERTS & BISHOP
alenkowsky@roberts-bishop.com

Kenneth T. Roberts
ROBERTS & BISHOP
ktrobatty@aol.com

Tasha Rebecca Roberts
ROBERTS AND BISHOP
troberts@roberts-bishop.com